IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT A.,

  *Plaintiff,*

v.

MARTIN O'MALLEY, COMMISSIONER
OF SOCIAL SECURITY,

  *Defendant.*

Case No. 23-1266-EFM

**MEMORANDUM AND ORDER**

  Plaintiff Robert A. seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for supplemental security income under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by failing to include a limitation in the residual functional capacity ("RFC") regarding Plaintiff's ability to remember information when performing simple tasks. Having reviewed the record, and as described below, the Court reverses and remands the order of the Commissioner.

**I.  Factual and Procedural Background**

  Plaintiff was born on February 4, 1975. On July 6, 2020, Plaintiff applied for supplemental security income alleging a disability onset date of June 15, 2020. His application was denied initially and upon reconsideration. Plaintiff then asked for a hearing before an ALJ.

ALJ Mark Clayton conducted an administrative hearing on August 3, 2023. Plaintiff was represented by counsel at the hearing and testified about his alleged disabilities. The ALJ also heard from a vocational expert.

The records that the ALJ reviewed contained a report by Kristy Cramer, M.A., L.C.P.C. Cramer's report opined that Plaintiff's short-term memory deficits limits his ability to performing "simple, repetitive tasks that do not frequently require him to remember information." Cramer based this limitation on her observations of Plaintiff while administrating a psychiatric consultive exam. The ALJ found Cramer's opinion "largely persuasive" but did not include Plaintiff's inability to frequently remember information in the RFC assessment.

On September 12, 2023, the ALJ issued a written decision. The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Within the decision, the ALJ concluded that Plaintiff suffered the following severe impairments: seizures; mild osteoarthritis of the right knee; diabetes mellitus with peripheral neuropathy; asthma; obstructive sleep apnea; congestive heart failure; depressive disorder; anxiety; and attention deficit hyperactivity disorder. However, the ALJ determined that Plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.

The ALJ determined that Plaintiff had the RFC to:

perform light work as defined in 20 CFR 416.967(b) except never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; occasionally push, pull and operate foot pedals with the lower extremities bilaterally; would need to avoid concentrated exposure to extreme temperatures, high levels of humidity, and pulmonary irritants such as noxious odors, dust, gas, fumes, and working in poorly ventilated areas; would need to avoid even moderate exposure to hazards including unprotected heights and working around dangerous moving unguarded machinery; can understand, remember, and carry out simple instructions and use judgment to make simple workplace

decisions; can sustain concentration, persistence, or pace on simple and routine task; can have occasional interaction with supervisors and co-workers, but no interactions with the general public; and can adapt to occasional changes in a simple routine work environment that are predictable and introduced gradually.

After considering Plaintiff's age, education, work experience, and RFC, the ALJ found that a significant number of jobs existed in the national economy that Plaintiff could perform. Thus, the ALJ concluded that Plaintiff had not been under a disability from June 15, 2020, through the date of his decision, September 12, 2023.

Plaintiff requested reconsideration of the ALJ's decision, which was denied by the appeals council on October 19, 2023. Accordingly, the ALJ's September 2023 decision became the final decision of the Commissioner. Plaintiff then filed a complaint in this Court, seeking reversal of the Commissioner's decision. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.  Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[2] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

mind might accept to support the conclusion."[3] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9]

---

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10 Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10 Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306 –07 (D. Kan. 2007) (citing 42 U.S.C. § 423 (d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[11] The claimant bears the burden in steps one through four to prove a disability that prevents performance of her past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

### III.   Analysis

Plaintiff argues that the ALJ erred by finding Cramer's opinion as "largely persuasive," but choosing not to adopt all of the limitations set forth therein. Specifically, Plaintiff contends that the RFC assessment is at odds with Cramer's opinion that Plaintiff could only perform tasks "that do not frequently require him to remember information." Although the ALJ found Cramer's opinion "largely persuasive," the ALJ did not include the limitation of Plaintiff's ability to remember information in the RFC assessment.

---

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920€); see also 20 C.F.R. §§ 404.1520€. 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id*.

SSR 96-8p specifically provides that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[14] And an ALJ may not accept some moderate limitations in an RFC form but reject the other limitations without discussion.[15] An ALJ's failure to explain why a limitation from a medical source is rejected is reversible error.[16]

Here, the ALJ's RFC determination reflected restrictions consistent with some of the limitations identified by Ms. Cramer's report, but not with all of them. The ALJ considered the limitations in Plaintiff's ability to interact with coworkers and the public and to make simple workplace decisions. The ALJ did not, however, discuss Cramer's opinion that Plaintiff was limited in his ability to frequently remember information. Instead, the ALJ determined that Plaintiff "can understand, remember, and carry out simple instructions."

Any tasks, including simple ones, require instructions. The Oxford Learner's Dictionary defines instructions as "detailed information on how to do or use something."[17] If even simple instructions constitute "information," then the ALJ's unqualified finding that Plaintiff can remember information conflicts with Cramer's opinion that Plaintiff is unable to frequently remember information.

---

[14] 1996 WL 374184, at *7; *see also Sitsler v. Barnhart*, 182 F. App'x 819, 822–23 (10th Cir. 2006).

[15] *Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007).

[16] *Sitsler*, 182 F. App'x at 822–23.

[17] Oxford University Press, *Definition of instruction*, OXFORD LEARNER'S DICTIONARIES, https://www.oxfordlearnersdictionaries.com/us/definition/american_english/instruction_1#:~:text=instruction-,noun,instructions%20on%20the%20packet%20carefully (last visited August 28, 2024).

The Commissioner argues that the ALJ's RFC does not conflict with Cramer's opinion because the opinion that Plaintiff cannot perform tasks that "frequently require him to remember information" is a descriptive phrase that relates to the simple, repetitive tasks that Plaintiff can perform. Even considering the opinion as a descriptive phrase, it is still a limitation on Plaintiff's ability. The ALJ does not include that limitation in the RFC and fails to explain why this particular limitation was rejected.

Further, the Commissioner asserts that the ALJ adequately explained why the limitation in Ms. Cramer's opinion was not incorporated because the ALJ specifically addressed and rejected a task limitation opined by Dr. Bucklew. For this argument to have merit, the Court would have to infer that the ALJ meant to address both Cramer's and Dr. Bucklew's limitations together. The Court declines to do so.[18] The ALJ merely explained why Dr. Bucklew's limitation was rejected; he failed to address Ms. Cramer's opinion that Plaintiff was limited in his ability to frequently remember information. Nowhere in the ALJ's decision did he explain why he rejected this particular limitation.

While the ALJ does not have to discuss every piece of evidence, the ALJ is required to discuss the uncontroverted evidence not relied upon and significantly probative evidence that is rejected.[19] On remand, the ALJ should explain how Ms. Cramer's limitation on Plaintiff's ability to frequently remember information when performing simple, repetitive tasks factors into the RFC. If the ALJ chooses not to incorporate the limitation from Ms. Cramer's opinion, the ALJ must provide a legally sufficient explanation for that decision.

---

[18] *See Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

[19] *Frantz*, 509 F.3d at 1303.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE